**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 19-cv-23850

RAKESH KAMAL

Plaintiff,

v.

FLORIDA INTERNATIONAL UNIVERSITY,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, RAKESH KAMAL ("KAMAL"), by and through his undersigned attorney, sues Defendant, FLORIDA INTERNATIONAL UNIVERSITY ("FIU"), and alleges as follows:

**INTRODUCTION**

1. This is an action for damages, declaratory, and injunctive relief by Plaintiff, KAMAL, against FIU under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII") for race and national origin discrimination, under the Age Discrimination in Employment Act ("ADEA") for age discrimination, and under the Florida Civil Rights Act of 1992 ("FCRA") for race, national origin, and age discrimination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and Title VII and the ADEA. The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b), in that the Defendant maintains locations and offices within this judicial district, and a substantial part of the events constituting the discrimination have taken place within this judicial district.

## PARTIES AND EXHAUSTION OF REMEDIES

4. KAMAL is a 53-year-old dark skinned man of Indian national origin who speaks with an Indian accent, *sui juris,* and, at all times material to this action, was a resident of Broward County, Florida.

5. Defendant, FIU, is a public university with its principal address at 11200 SW 8th Street, Miami, Florida 33199 in Miami-Dade County.

6. KAMAL has complied with all conditions precedent to jurisdiction under Title VII, the ADEA, and the FCRA in that KAMAL filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; KAMAL has filed this suit within ninety (90) days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and the FCHR has not issued a determination in that time period; and KAMAL is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of KAMAL's Charge of Discrimination and Notice of Right to Sue are attached as **Exhibits 1 and 2.**

## GENERAL ALLEGATIONS

7. KAMAL began working for FIU as a Senior Teaching Lab Specialist in August 1994. He was subsequently promoted to Store Manager and then to Lab Manager I.

8. KAMAL was a dedicated employee, consistently receiving positive reviews during his 23 years of employment.

9. From 1994 through 2015, KAMAL's supervisor was Mohammed Qureshi.

10. In 2015, FIU hired Dr. Michael Cheng, a light-skinned Asian man, as the Director of Food and Beverage ("F&B") and Dr. Cheng became KAMAL's supervisor.

11. Dr. Cheng was not friendly with KAMAL, often refusing to even make eye contact.

12. Dr. Cheng once asked KAMAL where he was from and, when KAMAL responded that he had lived in the United States for over twenty (20) years, Dr. Cheng responded negatively.

13. Dr. Cheng once asked KAMAL whether "you Muslim guys" were required to wear a beard, incorrectly assuming KAMAL was Muslim.

14. In December 2017, Dr. Cheng was appointed to Interim Dean of the Hospitality Department.

15. Soon thereafter, in January 2018, Dr. Cheng promoted Rossy Cohen, a light-skinned Hispanic woman in her 30's to the position of F&B Director.

16. Immediately prior to this promotion, Ms. Cohen had been an adjunct instructor who had never held a supervisory or managerial position at FIU.

17. The position of F&B Director was never posted, KAMAL was not notified of the opening, nor was he given a chance to apply or be interviewed.

18. KAMAL was more experienced and more qualified than Ms. Cohen for the position of F&B Director at the time the position was given to Ms. Cohen.

19. On April 18, 2018, just three (3) months after Ms. Cohen was promoted to F&B Director, she informed KAMAL that he was being terminated effective immediately because his position had been eliminated based on "adverse financial circumstances." KAMAL was assured the termination was not based on job performance.

20. Contrary to FIU's contention of "adverse financial circumstances," prior to KAMAL's termination, the Hospitality Department at FIU had been allocated additional funding. Moreover, the 2018-2019 Hospitality Department budget was larger than the 2017-2018 budget.

21. Roger Ledesma, a light-skinned Hispanic in his 30's, was not terminated from his position or informed his position would be eliminated based on adverse financial circumstances.

22. As of April 2018, when KAMAL was terminated, Mr. Ledesma had worked for FIU for approximately ten (10) years compared to KAMAL's twenty-three (23) years and KAMAL's job duties were more comprehensive than Mr. Ledesma's.

23. If the termination decision were based on years of experience, KAMAL would not have been terminated while Mr. Ledesma and Ms. Cohen remained in their positions.

24. On May 1, 2018, KAMAL submitted a grievance of his termination to the Division of Human Relations at FIU.

25. FIU did not respond to KAMAL's grievance until October 12, 2018.

26. By letter dated October 12, 2018, FIU informed KAMAL that his grievance was no longer being considered and he was no longer eligible for rehire.

27. FIU's October 12, 2018 letter accused KAMAL, for the first time, of engaging in outside business activities without disclosing those outside activities to FIU and charging FIU's account $4,136.00 in "unallowable expenses" to a laundry service for "inflated numbers" of chef jackets and table linens "which purportedly did not belong to the School of Hospitality."

28. It was well known to many people at FIU, including KAMAL's superiors, that his wife started the Palace Indian Restaurant ("Palace") in or around 2012. Indeed, the Palace co-sponsored fundraising events at the Chaplin School of Hospitality Management for FIU on at least two (2) occasions.

29. On the day KAMAL was terminated, the Palace was scheduled to co-sponsor one such fundraising event. Despite KAMAL's termination, the Palace still donated the food for those who attended the event at FIU.

30. After learning of the allegations in FIU's October 12, 2018 letter, KAMAL provided information refuting the allegations. KAMAL produced an expense report showing every laundry expense paid by the Palace for the entire six (6) years it had been in existence. Moreover, KAMAL

informed FIU that chefs at the Palace do not wear chef jackets and, thus, the laundry expenses attributable to chef jackets clearly could not have been from the Palace.

31. By implicitly threatening KAMAL with criminal prosecution for alleged theft, FIU hoped KAMAL would drop his grievance and claim of discriminatory termination.

32. FIU's initial articulated termination reason of "adverse financial circumstances" was pretextual. After KAMAL filed a grievance, FIU articulated a new reason for KAMAL's termination. FIU's second articulated termination reason of undisclosed outside business activities, unallowable expenses, inflated numbers, and theft was also pretextual.

33. Plaintiff has satisfied all conditions precedent to bringing this action or these conditions have been waived or otherwise excused.

34. Plaintiff has retained the undersigned attorney to represent him in this action and is obligated to pay said attorney a reasonable fee for his services.

**COUNT I**
**Violation of FCRA (Race Discrimination)**

35. This is an action for discrimination based upon race under the FCRA.

36. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

37. Defendant and its managers and agents violated the FCRA by discriminating against Plaintiff based upon his race by treating him disparately in the workplace, promoting a less qualified non-Indian, light-skinned Hispanic employee above him, and terminating his employment.

38. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, RAKESH KAMAL, prays that this Court will:

a. Order Defendant, FLORIDA INTERNATIONAL UNIVERSITY, to remedy the race discrimination of Plaintiff by:

   i. Paying appropriate back pay;



GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

ii. Paying prejudgment and post-judgment interest;

iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

**COUNT II**
**Violation of FCRA (National Origin Discrimination)**

39. This is an action for discrimination based upon national origin under the FCRA.

40. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

41. Defendant and its managers and agents violated the FCRA by discriminating against Plaintiff based upon his Indian national origin by treating him disparately in the workplace, promoting a less qualified non-Indian employee above him, and terminating his employment.

42. As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, RAKESH KAMAL, prays that this Court will:

a. Order Defendant, FLORIDA INTERNATIONAL UNIVERSITY, to remedy the national origin discrimination of Plaintiff by:

i. Paying appropriate back pay;

ii. Paying prejudgment and post-judgment interest;

iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

**COUNT III**
**Violation of the FCRA (Age Discrimination)**

43. This is an action for discrimination based upon age under the FCRA.

44. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

45. Defendant and its managers and agents violated the FCRA by discriminating against Plaintiff based upon his age treating him disparately in the workplace, promoting a less qualified employee in her 30s, and terminating his employment.

46. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the FCRA.

47. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damages, including the loss of a career with Defendant, the loss of wages, benefits, including his pension benefit, and other compensation; harm to his personal and business reputations; emotional distress including, but not limited to, humiliation and embarrassment; and other pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff, RAKESH KAMAL, prays that this Court will:

a. Order Defendant, FLORIDA INTERNATIONAL UNIVERSITY, to remedy the national origin discrimination of Plaintiff by:

i. Paying appropriate back pay;

ii. Paying prejudgment and post-judgment interest;

iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

**COUNT IV**
**Violation of Title VII (Race Discrimination)**

48. This is an action for discrimination based upon race under Title VII.

49. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

50. Defendant and its managers and agents violated Title VII by discriminating against Plaintiff based upon his race by treating him disparately in the workplace, promoting a less qualified non-Indian, light-skinned Hispanic employee above him, and terminating his employment.

51. As a result of Defendant's violations of the Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, RAKESH KAMAL, prays that this Court will:

a. Order Defendant, FLORIDA INTERNATIONAL UNIVERSITY, to remedy the race discrimination of Plaintiff by:

i. Paying appropriate back pay;

ii. Paying prejudgment and post-judgment interest;

iii. Paying front pay in lieu of reinstatement;

iv. Paying for lost benefits including medical insurance, pension and retirement plan;

v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

e. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

**COUNT V**
**Violation of Title VII (National Origin Discrimination)**

52. This is an action for discrimination based upon national origin under Title VII.

53. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

54. Defendant and its managers and agents violated Title VII by discriminating against Plaintiff based upon his Indian national origin by treating him disparately in the workplace, promoting a less qualified non-Indian employee above him, and terminating his employment.

55. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, RAKESH KAMAL, prays that this Court will:

a. Order Defendant, FLORIDA INTERNATIONAL UNIVERSITY, to remedy the national origin discrimination of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

**COUNT VI**
**Violation of the ADEA (Age Discrimination)**

56. Plaintiff reasserts the general allegations as set forth above in paragraphs 1-34 and incorporates the same herein by this reference.

57. Defendant and its managers and agents violated the ADEA by Defendant and its managers and agents violated the FCRA by discriminating against Plaintiff based upon his age by

treating him disparately in the workplace, promoting a less qualified employee in her 30s, and terminating his employment.

58. As a result of Defendant's conduct, Plaintiff has been damaged.

59. Defendant acted intentionally and with malice and reckless disregard for Plaintiff's rights under the ADEA and thus Plaintiff is entitled to liquidated damages under the ADEA.

WHEREFORE, Plaintiff, RAKESH KAMAL, demands an award against Defendant, FLORIDA INTERNATIONAL UNIVERSITY, for compensatory damages including lost wages and benefits, liquidated damages, interest, costs, and attorneys' fees under the ADEA.

**DEMAND FOR JURY TRIAL**

Plaintiff, RAKESH KAMAL, hereby demands trial by jury on all claims triable by right of jury under state or federal law.

Dated this 16th day of September 2019.

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiff*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
Telephone: (954) 894-3035
Facsimile: (954) 894-8015
E-mail: dgallup@gallup-law.com

By: /s/ Dana M. Gallup__________
DANA M. GALLUP
Florida Bar No.: 0949329