UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-23850-CIV-MARTINEZ/OTAZO-REYES

RAKESH KAMAL,

    Plaintiff,

vs.

FLORIDA INTERNATIONAL UNIVERSITY,

    Defendant.
    _____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, FLORIDA INTERNATIONAL UNIVERSITY ("FIU"), by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and Southern District of Florida Local Rule 7.1, hereby files this Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law, and states:

1.     This is a purported employment discrimination action arising from Plaintiff allegedly being denied a promotion and ultimately being terminated from his employment at FIU. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Florida Civil Rights Act ("FCRA"). The Complaint alleges six (6) counts against FIU including: two (2) counts of racial discrimination in violation of FCRA and Title VII; two (2) counts of national origin discrimination in violation of FCRA and Title VII; and two (2) counts of age discrimination in violation of FCRA and ADEA. All of Plaintiff's claims are legally and factually deficient and are subject to dismissal for failure to state a claim as a matter of law. The motion to dismiss must be granted.

2. Florida law requires that in order to pursue a cause of action against a Florida University System institution, such as FIU, the proper party to the action is the Board of Trustees. The Board of Trustees is the public body corporate with the power to sue and be sued. Fla. Stat. § 1001.72. By failing to properly name The Florida International University Board of Trustees to this suit, Plaintiff has sued a non-existent entity and the Complaint is subject to dismissal for failing to name the proper party as well as insufficiency of process. *See e.g.*, *Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012) (finding insufficiency of process against college and granting dismissal of case because plaintiff failed to name college's board of trustees, which was proper defendant to suit); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008); *U.S. Equal Emp't Opportunity Comm'n v. Fla. Gulf Coast Univ.*, 2007 WL 2077577, at *2 (M.D. Fla. 2007).

3. Plaintiff's Complaint is still subject to dismissal because it fails to meet federal pleading standards under Rules 8 and 10 of the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Each Count in Plaintiff's Complaint adopts the same allegations as the preceding count and simply repeats verbatim the previous allegations with little to no additional statements. *See generally* [D.E. #1]. It is therefore impossible to determine which factual allegations and alleged adverse employment actions are purportedly connected to each count of discrimination. The Complaint fails to clearly a claim for relief and should be dismissed in its entirety due to its confusing nature. *See Cramer v. State*, 117 F.3d 1258, 1263 (11th Cir.1997) (ruling that shotgun pleadings are "altogether unacceptable").

4. Moreover, Count VI pursuant to the ADEA should be dismissed because FIU is immune. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92 (2000). "The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a

citizen of that state." *Walker v. Florida State Univ. Sch.*, 2004 WL 3135466, at *1 (N.D. Fla. 2004) (dismissing state university based on Eleventh Amendment Immunity). Because Congress has not abrogated the states' immunity from suit for claims under the ADEA, Count VI must be dismissed with prejudice as a matter of law. *Kimel*, 528 U.S. at 92; *England v. Hillsborough Cmty. Coll.*, 546 Fed. Appx. 881 (11th Cir. 2013).

5. The FCRA age discrimination claim in Count III also fails to meet its *prima facie* case on the basis that there are insufficient allegations to establish a similarly situated comparator and the complaint lacks a "but-for" causation. *Gross v. FBL Fin. Services, Inc.,* 557 U.S. 167, 175-176 (2009); *Cardelle v. Miami Beach Fraternal Order of Police*, 593 Fed. Appx. 898, 902 (11th Cir. 2014) (dismissing ADEA and FRCA age discrimination claims for failure to establish but-for causation); *see also Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019).

6. Finally, Plaintiff has failed to demonstrate a *prima facie* case of race or national origin discrimination in Counts I, II, IV and V of the Complaint. The lack of specific allegations demonstrating Ms. Cohen and Mr. Ledesma are similarly situated comparators give rise to dismissal. Conclusory assertions of discrimination do not raise the right to relief above the speculative level to survive dismissal. *Hopkins v. Saint Lucie County Sch. Bd*., 399 Fed. Appx. 563, 566 (11th Cir. 2010). The allegations in a complaint must demonstrate more than a mere possibility of a defendant's discriminatory intent or actions. *See Iqbal*, 556 U.S. at 678. Here, The Complaint contains a lengthy set of factual allegations that fail to create even an inference that FIU's employment action were discriminatory. *Id.; see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300 (11th Cir.2010) (noting that post-*Iqbal*, a plaintiff must allege a prima facie case of discrimination). The case must be dismissed in its entirety because Plaintiff's allegations of discrimination based on his age, race and national origin fail to state a claim as a matter of law.

## MEMORANDUM OF LAW

### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

I.  **PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO NAME THE PROPER PARTY**

When suing a State university or a department within the state university, the proper entity to sue is the Board of Trustees of that university. Under Florida law, a university "is not endowed with separate corporate existence, or with the authority to be sued in its own name. Rather, those characteristics are bestowed upon the Board of Regents, as head of the State's

University System." *Byron v. University of Florida*, 403 F.Supp. 49, 54 (N.D. Fla. 1975). In 2002, the Florida Legislature reorganized the State University System and replaced the state Board of Regents with a statewide Board of Governors and Boards of Trustees for each State University. *See* Fla. Laws 2002, c. 2002-387, eff. Jan. 7, 2003; Art. IX, section 7, Fla. Stat. Consequently, each State University's Board of Trustees:

> "[s]hall be a public body corporate…with all the powers of a body corporate, including the power to adopt a corporate seal, to contract and be contracted with, to sue and be sued, to plead and be impleaded in all courts of law or equity, and to give and receive donations. In all suits against a board of trustees, service of process shall be made on the chair of the board of trustees, or in the absence of the chair, on the corporate secretary or designee."

Fla. Stat. §1001.72(1) (emphasis added).

Under Federal Rule of Civil Procedure 4(j)(2), proper notice is provided to a state created government agency when the plaintiff provides a copy of the summons and complaint in the manner prescribed by state law. *See Cornwall v. Miami-Dade County Corr. & Rehab. Dept.*, 2011 WL 3878352 (S.D. Fla. 2011). As an entity that cannot sue or be sued in its own name, FIU is not subject to service of process. See Fla. Stat. §1001.72(1). Because the summons was addressed to, and the Complaint named, Florida International University, rather than its Board of Trustees, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(4) due to insufficient process. *See e.g., Miller v. United States*, 2011 WL 1750442 (N.D. Fla. 2011). Without suing a legitimate entity, the Plaintiff has failed to perfect service or process or state a cause of action upon which relief may be granted; hence, this Court lacks jurisdiction to render judgment and should dismiss the Complaint. *See In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2008); *see also e.g., Hankins v. Dean of Comms., Valencia College*, 2012 WL 7050630 at *1–2 (M.D. Fla. 2012) (finding insufficiency of process against college and granting dismissal of case because plaintiff failed to name college's board of trustees, which was the

proper defendant); *O'Hara v. Univ. of West Florida*, 2008 WL 4833104 at *6 (N.D. Fla. 2008) (granting defendant's motion to dismiss because university's board of trustees was not named as defendant); *U.S. Equal Emp't Opportunity Comm'n v. Fla. Gulf Coast Univ.,* 2007 WL 2077577, at *2 (M.D. Fla. 2007) (dismissing action against Florida Gulf Coast University on basis that complaint did not name proper party).

## II. THE UNLCEAR ALLEGATIONS OF THE COMPLAINT AMOUNT TO A SHOTGUN PLEADING SUBJECT TO DISMISSAL

In any discrimination case, a plaintiff must allege more than just conclusory and vague allegations in order to state a cause of action. *See Omar v. Lindsey, et al.,* 334 F. 3d 1246, 1250 (11th Cir. 2003); *see also* Fed. R. Civ. P. 8(e). Further, in addition to the pleading requirements of Federal Rule of Civil Procedure 8, Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances… If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). A complaint that fails to meet these basic requirements must be dismissed as an impermissible shotgun pleading. *See Cramer v. State,* 117 F.3d 1258, 1263 (11th Cir.1997) ("Shotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources").

In *Weiland v. Palm Beach County Sheriff's Office,* the Eleventh Circuit conducted an in-depth analysis of the various forms of shotgun pleadings. 792 F.3d 1313 (11th Cir. 2015). One of the categories includes "a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1321-22.

Plaintiff's Complaint is deficient based on *Weiland*. *See generally* [D.E. #1 ¶¶ 35-59]. The lengthy general allegations contained in Paragraphs seven (7) through thirty-four (34) provide nothing more than a timeline of the employment actions taken against Plaintiff; there are no specific statements detailing discrimination to support any of the Counts. The Complaint fails to clearly state any cause of action or claim for relief and should be dismissed in its entirety due to its confusing and ambiguous nature. *See Cramer v. State*, 117 F.3d 1258, 1263 (11th Cir.1997) (ruling that shotgun pleadings are "altogether unacceptable").

## III.   CONGRESS DID NOT VALIDLY ABROGATE ELEVENTH AMENDMENT IMMUNITY UNDER THE ADEA

"The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state." *Walker v. Florida State Univ. Sch.*, 2004 WL 3135466, at *1 (N.D. Fla. 2004) (quoting *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990)). This immunity from suit in federal court extends to agencies acting under the state's control. *Id*. The Supreme Court has definitively stated that Congress failed to validly abrogate States' Eleventh Amendment immunity when enacting the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92 (2000); *England v. Hillsborough Cmty. Coll.*, 546 Fed. Appx. 881 (11th Cir. 2013). Moreover, although Fla. Stat. § 768.28 waives state immunity for tort claims in limited circumstances, the waiver only applies to claims brought in state court. *Cf*. Fla. Stat. § 768.28(9)(a) *with* Fla. Stat. § 768.28(18).

FIU is indisputably an arm of the State of Florida, entitled to the protections of the Eleventh Amendment. *See* Fla. Stat. § 1001.72; Fla. Stat. § 768.28(2). FIU as a Florida University System institution constitutes a political subdivision of the state. *See id.* Plaintiff's ADEA claim against FIU in Count VI are therefore barred by Eleventh Amendment immunity.

*Kimel*, 528 U.S. at 92; *England*, 546 Fed. Appx. 881. Count VI must be dismissed with prejudice as a matter of law.

IV. **COUNT III DOES NOT STATE A *PRIMA FACIE* CASE OF AGE DISCRIMINATION AND FAILS TO PLEAD BUT-FOR CAUSATION**

Count III of Plaintiff's Complaint, alleging age discrimination under the FCRA, is subject to dismissal for failure to state a *prima facie* claim. Plaintiff claims that he was discriminated against based on his age when Rossy Cohen, a younger employee, was promoted instead of him and when he was terminated from his position while Roger Ledesma, also a younger employee, was not. *See generally* [D.E. #1 ¶¶ 15, 21, 45]. These two alleged instances fail to establish age discrimination for multiple reasons.

Firstly, a plaintiff may establish a *prima facie* case of age discrimination by alleging that similarly situated employees that were substantially younger than plaintiff received more favorable treatment. *See Caraway v. Sec'y, U.S. Dept. of Transp.*, 550 Fed. Appx. 704, 709 (11th Cir. 2013). In a recent decision, the Eleventh Circuit held that "a meaningful comparator analysis must be conducted at the prima facie stage." *Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1218 (11th Cir. 2019). The court in *Lewis* clarified the standard for comparators in discrimination cases and further held that the proper evaluation is whether the proffered comparators are "similarly situated in all material respects." *Lewis*, 918 F.3d at 1218.

Plaintiff attempts to establish age discrimination based on his termination by claiming that FIU eliminated his position based on pretextual reasons such as "adverse financial circumstances", but that Mr. Ledesma who "had less seniority" and "seemed to have very little to do" according to the attached EEOC Charge [D.E. #1-1] was neither terminated from his position nor informed that his position would be eliminated due to such circumstances. *See* [D.E. #1 ¶¶ 19-21]. Notably, however, Plaintiff points to differences between him and Mr. Ledesma,

including significant differences in years of experience and job duties. *See* [D.E. #1 ¶ 22]. Mr. Ledesma can therefore not serve as an adequate similarly situated comparator in all material aspects to support Plaintiff's age discrimination claim because it is unclear how Mr. Ledesma and Plaintiff are similar in any respect.

Moreover, the FCRA does not allow for "mixed-motives" age discrimination claims. *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 175-176 (2009). An age discrimination claim requires a plaintiff to prove that age was the "but-for", or sole, cause of the employer's adverse action. *Cardelle v. Miami Beach Fraternal Order of Police*, 593 Fed. Appx. 898, 902 (11th Cir. 2014) (dismissing ADEA and FRCA age discrimination claims for failure to establish but-for causation). Where, as here, a plaintiff alleges more than one type of discrimination contributed to the adverse employment action, i.e. race, gender, and age, age cannot be the sole cause of the discriminatory conduct and the claim fails as a matter of law. *Hendon*, 2015 WL 4507990, at *4 (citing *Gross*, 557 U.S. at 176). Although pleading in the alternative is allowed, alternative pleading does not excuse a plaintiff "from pleading facts to support each of the alternative legal theories [he] is pressing." *Id*. at *8. There is a distinction between pleading in the alternative and irreconcilable contradictions as to an essential element of a particular claim that cannot be overcome in light of the pleading standards of *Twombly* and *Iqbal*. *Id*. To plead but-for causation, Plaintiff must allege that there were no other proscribed motivations for the adverse employment action other than age discrimination. However, "[b]y alleging as fact the existence of a separate proscribed contributing motivation, [Plaintiff] concedes that age was not the but-for reason for [his] termination." *Id*.

Plaintiff attempts to allege further age discrimination based on FIU's failure to promote Plaintiff over Ms. Cohen. However, Plaintiff used the facts surrounding the promotion, as well as

those surrounding his termination, in support of his race and national origin discrimination claims Accordingly, by alleging that race and national origin were also motivating factors, Plaintiff has conceded that are was not the but-for cause for his termination or for him not being considered for a promotion. Plaintiff has failed to establish a *prima* facie case of age discrimination and has further failed to plead but-for causation. Count III must be dismissed as a matter of law.

V. **PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE ON COUNTS I, II, IV, AND V**

Under the FCRA and Title VII, employees are protected from intentional employment discrimination based on their race or ethnicity and claims brought under either the FCRA or Title VII are analyzed under the same standards. *See Tippie v. Spacelabs Medical, Inc.,* 180 Fed.Appx. 51, 53 (11th Cir. 2006) (citing *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998)). Here, the plaintiff may establish discriminatory intent if the plaintiff is (1) a member of a protected class; (2) was subject to an adverse employment action; (3) was qualified to do the job; and (4) was treated less favorably than similarly situated employees. *See McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973); *see also Coutu v. Martin County Bd. of County Com'rs*, 47 F.3d 1068 (11th Cir. 1995).

   a. Counts I and IV fail to establish a claim of race discrimination

In Counts I and IV, Plaintiff claims race discrimination in violation of the FCRA and Title VII, respectively. Counts I and IV allege that Plaintiff was treated disparately in the workplace based on his race, and that due to his race, Ms. Cohen, a "less qualified, light-skinned Hispanic employee", was promoted above him, and he was terminated while Mr. Ledesma, another light-skinned employee, was not. *See* [D.E. #1 ¶ 37]. As stated in Section IV, *supra*, Plaintiff does not establish any material similarities between himself and Mr. Ledesma, or

between himself and Ms. Cohen. *See Lewis*, 918 F.3d at 1218 (adequate comparators must be "similarly situated in all material respects"). Based on the Complaint, it is unknown what Ledesma's or Cohen's positions were, their duties or any other relevant information on these alleged comparators until Cohen was promoted to Director. [D.E. #15]. By failing to adequately demonstrate comparators, Plaintiff has failed to establish a *prima facie* case of race discrimination in Counts I and IV.

Moreover, the Complaint contains a lengthy set of factual allegations that fail to provide sufficient basis for a *prima facie* case of race discrimination. Notably, Plaintiff does not state his own race, nor does he state the race of his proffered comparators; instead, he refers to himself as "dark skinned" and Ms. Cohen and Mr. Ledesma as "light skinned". *See* [D.E. #1 ¶¶ 4, 15, 21]. Conclusory assertions of discrimination do not raise the right to relief above the speculative level to survive dismissal. *Hopkins v. Saint Lucie County Sch. Bd.*, 399 Fed. Appx. 563, 566 (11th Cir. 2010). The plausibility standard requires a plaintiff to demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

This Complaint is devoid of any factual allegations that imply whatsoever that the employment actions taken against Plaintiff were based on his race, whatever it may be. This failure to allege facts that would allow a court to infer that FIU's alleged actions were discriminatory is fatal to Plaintiff's claims. *Id.; see also Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300 (11th Cir.2010) (noting that post-*Iqbal*, a plaintiff must allege a prima facie case of discrimination). Counts I and IV should be dismissed.

      **b. Counts II and V fail to establish a claim of national origin discrimination**

Plaintiff's national origin discrimination claims under Counts II and V of the Complaint are based on the same set of insufficient facts and employment actions as Plaintiff's race

discrimination claims in Counts I and IV, but assert that the actions against Plaintiff were also based on his Indian national origin. Counts II and V fail for the same reasons as Counts I and IV because Plaintiff proffers the same inadequate comparators who are not sufficiently addressed to demosntrate that Plaintiff has been treated less favorably than similarly situated employees. Conclusory assertions of discrimination do not raise the right to relief above the speculative level to survive dismissal. *Hopkins* 399 Fed. Appx. at 566; *see also Edwards* 602 F.3d at 1300. Counts II and V must be dismissed.

WHEREFORE, FLORIDA INTERNATIONAL UNIVERSITY, respectfully requests this Court grant its motion to dismiss and any other relief it deems appropriate.

I HEREBY CERTIFY that on this 9th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing and also sent via U.S. Mail to *Pro Se* Plaintiff to the address listed on the attached Service List.

        MARRERO & WYDLER
        *Counsel for Defendant FIU*
        2600 Douglas Road, PH-4
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

        BY __/s/ Lourdes Espino Wydler_____
            OSCAR E. MARRERO
            F.B.N.: 372714
            oem@marrerolegal.com
            LOURDES ESPINO WYDLER
            F.B.N.: 719811
            lew@marrerolegal.com

*Kamal v. FIU*
*District Court Case No.: 19-23850-CIV-MARTINEZ/OTAZO-REYES*
*Page 13*

## SERVICE LIST

Dana M. Gallup, Esq.
GALLUP AUERBACH
4000 Hollywood Blvd.
Presidential Circle – Suite 265 South
Hollywood, FL 33021
(954) 894-3035
(954) 894-8015 (fax)
dgallup@gallup-law.com
*Attorneys for Plaintiff*